**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**RICKEY TYRONE TAYLOR**                                                                           **PLAINTIFF**
**ADC #110675**

V.                                      No. 2:06cv00226-JLH/BD

**LARRY NORRIS,** *et al.*                                                                          **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections:**

The following recommended disposition has been sent to Chief United States District Court Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition.  A copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

1

**II.     Background**:

Plaintiff is currently an inmate in the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"). Plaintiff claims that on July 23, 2005, he was moved from Administrative Segregation Housing ("AdSeg Max") to solitary confinement because of alleged violations of institutional rules. On August 1, 2005, the disciplinary hearing officer held a hearing and dismissed the disciplinary due to insufficient evidence.

On August 11, 2005, Plaintiff submitted an informal resolution form asking to be transferred out of solitary confinement because the disciplinary charges had been dismissed. Prison officials responded that there was no bed space available in AdSeg Max to move Plaintiff at the time. On August 16, 2005, Plaintiff filed a grievance again requesting to be moved out of solitary confinement. Prison officials again responded to Plaintiff that he would be moved when bed space became available. On August 30, 2005, Plaintiff filed an appeal to the Warden who also responded that Plaintiff would be moved when bed space became available in AdSeg Max. Plaintiff appealed to the Deputy Assistant Director. Plaintiff was moved from solitary back to AdSeg Max on September 12, 2005. On October 24, 2005, the Deputy Assistant Director responded to Plaintiff's grievance and found that it had merit. He advised that he would instruct the warden to review the relevant policy with his staff.

In his Complaint (docket entry #2), Plaintiff alleges that he was held in solitary confinement after the disciplinary charges against him were dropped in violation of : (1)

ADC policy; (2) his due process rights; and (3) his Eighth Amendment rights. Plaintiff also alleges denial of access to the courts, false imprisonment, false arrest, and abuse of process.

Defendants filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment (#15) claiming: (1) Plaintiff fails to state a claim on which relief can be granted; (2) Plaintiff's claims are barred by the doctrines of sovereign immunity and qualified immunity; (3) Plaintiff's claims are barred to the extent they seek relief under a respondeat superior theory of liability; and (4) Plaintiff's false imprisonment claim is barred by the statute of limitations. On October 19, 2007, the Court entered an order notifying Plaintiff that Defendants' Motion would be considered as a Motion for Summary Judgment and directing Plaintiff to file a responsive pleading. Plaintiff has not responded to the Court's order.

### III.  Discussion:

A.  *Summary Judgment Standard*

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing

that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005)("The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'" (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir.1995))).  If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted.  See *Celotex,* 477 U.S. at 322.  "Although it is to be construed liberally, a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

B.   *ADC Policy and Due Process*

Plaintiff claims that the ADC violated Policy 02-11 ("the Policy").  The Policy reads, "[a]t no time will an inmate remain on D[isciplinary] C[ourt] R[eview] for more than 14 days."  The Policy further provides, "[i]f the disciplinary action is dismissed prior to a disciplinary hearing, the inmate must be released from DCR status and appropriately reassigned."  Plaintiff claims that Defendants' failure to transfer him from solitary confinement back to AdSeg Max within fourteen days after his disciplinary charges were dismissed violated his Fourteenth Amendment due process rights.

In response, Defendants contend that they were unable to return Plaintiff back to his assigned status because there was not any available bed space.  In support of this

4

argument, Defendants attach the shift count for the AdSeg Max unit from August 1, 2005 through September 12, 2005, showing that the unit's maximum capacity was four hundred and thirty-two, and that during the relevant time period the unit was overpopulated.

In order to prevail on a Fourteenth Amendment due process claim, Plaintiff must demonstrate that he was deprived of life, liberty, or property by government action. Plaintiff argues he was deprived of his liberty interests because the Defendants did not return him to his assigned status within fourteen days after his disciplinary was dropped. However, there is no federal Constitutional liberty interest in having state officers follow state law or procedure. *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir.1996) (citing *Olim v. Wakinekona*, 461 U.S. 238, 250, 103 S.Ct. 1741, 1748 (1983)). An inmate's liberty interests are limited to freedom from restraint which imposes an atypical and significant hardship in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995). Plaintiff has not produced evidence to establish an atypical and significant hardship.

The Eighth Circuit has consistently held that administrative and disciplinary segregation, even without cause, are not atypical and significant hardships. See *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003)(thirty-six day stay in isoloation after charges were dropped was not an atypical and significant hardship); *Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002); *Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996). Since segregation is not an atypical and significant hardship, Plaintiff has no liberty interest in

avoiding administrative segregation. *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996). Without the underlying liberty interest, Plaintiff cannot maintain an action for violation of his due process rights.

C.    *Eighth Amendment*

Plaintiff also argues that his time in isolation violates his Eighth Amendment rights. To sustain this claim, Plaintiff must show a deprivation "denying the minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991) (internal quotations omitted). Plaintiff must also show that the Defendants were deliberately indifferent to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970 (1994).

The Eighth Circuit has ruled that conditions equal to and even worse than the conditions described in Plaintiff's complaint do not violate an inmate's Eighth Amendment rights. See *Phillips*, 320 F.3d at 848 (thirty-seven day period without out-of-cell exercise, contact visitation, or access to religious services does not constitute cruel and unusual punishment); *Williams v. Delo*, 49 F.3d 442, 446 (8th Cir. 1995) (four days in a cell without clothes or bedding did not violate inmate's Eighth Amendment rights). Plaintiff's conclusory allegations that he was denied daily recreation and access to his personal property including clothes, shoes, hygiene items, writing material, envelopes and ink pens do not create a genuine issue of material fact for trial.

D. *Denial of Access to the Courts*

Plaintiff claims that he was denied access to the courts because, while in isolation for fifty-one days, he was denied access to legal materials and mail of his active post-conviction appeal.

To state a claim for a violation of an inmate's right of meaningful access to the courts, a prisoner must establish that, as a result of denial of access to legal materials, counsel, or the courts, he or she suffered an actual injury or prejudice. *Lewis v. Casey*, 518 U.S. 343, at 349 (1996); *White v. Kautzky*, 494 F.3d 677 (8th Cir. 2007). Plaintiff has not come forward with any facts that would support a finding of injury or prejudice resulting from the denial of access to his mail or legal papers. Accordingly, the Court recommends that the District Court grant Defendants' summary judgment on Plaintiff's access to the courts claim.

E. *False Imprisonment and False Arrest*

Having dealt with the Plaintiff's claims under 42 U.S.C. § 1983, Plaintiff's remaining claims are state-law tort claims of false imprisonment, false arrest, and abuse of process. Defendants have moved for summary judgment on Plaintiff's state-law false imprisonment claim as barred by the statute of limitations. Plaintiff's false imprisonment and false arrest claims are both subject to a one-year statute of limitations period. See *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81 (8th Cir. 1992); ARK. CODE ANN. § 16-56-104. Plaintiff alleges his false arrest and imprisonment occurred on August 1,

2005, when Defendants did not release him after the hearing officer dropped the disciplinary charges against him. Plaintiff did not file his claim until November 24, 2006. Plaintiff has not come forward with any facts that warrant tolling the statute of limitations. Accordingly, Defendants are entitled to summary judgment on Plaintiff's false imprisonment and false arrest claims because they are barred by the statute of limitations.

    F. *Abuse of Process*

In order to prevail on an abuse of process claim, a plaintiff must show: (1) a legal procedure was set in motion in proper form, even with probable cause and ultimate success; (2) the procedure was perverted to accomplish an ulterior purpose for which it was not designed; and (3) a willful act was perpetrated in the use of process which was not proper in the regular conduct of the proceeding. *South Arkansas Petroleum Co. v. Schiesser*, 343 Ark. 492, 36 S.W.3d 317 (2001). In his complaint, Plaintiff claims that Defendants are liable for abuse of process because they misused the disciplinary procedure to keep him in isolation after the disciplinary against him had been dropped. Defendants responded to this allegation by providing the Court with records showing that there was no bed space available to return Plaintiff back to AdSeg Max. Plaintiff has not come forward with any counter-evidence to show that bed space was available or that Defendants acted intentionally to keep him in isolation. Accordingly, the Court finds that Plaintiff has not made out a prima facie case of abuse of process and the District Court

should grant Defendants' motion for summary judgment on Plaintiff's abuse of process claim.

IV.     **Conclusion**

The Court recommends that the District Court GRANT the Defendants' Motion for Summary Judgment (#15); DISMISS Plaintiff's Complaint (#2) with prejudice; DISMISS Defendants' Motions to Dismiss for Lack of Prosecution (#20 and 32) as moot, and order that the case be closed.

Dated this 27th day of November, 2007.

_____
UNITED STATES MAGISTRATE JUDGE